YK LAW LLP
Qi Men
333 Sylvan Ave, Suite 107
Englewood Cliffs, NJ 07632

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Xiamen Disdeer Outdoor Sports Co., Ltd., | |
| Plaintiff, | **Civil Action No.: 1: 25-cv-1729** |
| v. | |
| FeraDyne Outdoors, LLC, | **JURY TRIAL DEMAND** |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Xiamen Disdeer Outdoor Sports Co., Ltd. ("Plaintiff") brings this complaint against FeraDyne Outdoors, LLC. ("Defendant"), a Wisconsin corporation, and alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.    Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement.  Plaintiff and Defendant both sell products through Amazon.com.  Defendant recently filed a complaint with Amazon against Plaintiff, alleging that Plaintiff's lighted nocks ("Non-Infringing Product") infringe U.S. Patent No. 8,758,177 ("the '177 Patent") (Attached as

1

Exhibit A). Plaintiff received a notice regarding this complaint on February 11, 2025. (Attached as Exhibit B.) Plaintiff received a different notice regarding this complaint on February 11, 2025. (Attached as Exhibit C.) Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the claim with the patent owner (*i.e.*, FeraDyne Outdoors). The parties are unable to reach a compromise. Also, Plaintiff does not want to participate Amazon's APEX program because, for example, Amazon's APEX program does not consider issues of patent invalidity; it only considers infringement questions.

3.     An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

4.     An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

5.     Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

6.     Plaintiff, Xiamen Disdeer Outdoor Sports Co., Ltd. is a private Chinese company.

2

7.     Upon information and belief, Defendant is a Wisconsin corporation, with its registered office address and principal place of business being 101 Main Street, Superior, WI 54880.

8.     Upon information and belief, and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '177 Patent by assignment.

## JURISDICTION AND VENUE

9.     This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, on information and belief, is a Wisconsin corporation with a principal place of business in Wisconsin. The diversity of citizenship between the parties and the substantial financial harm caused to Plaintiff by Defendant's wrongful conduct in Illinois establish proper jurisdiction in this Court.

10.     The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11.     The Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400.  This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com.  Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers

3

using one or more seller aliases, offering to ship to the United States, including Illinois, accepting

payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois.

In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*,

seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '177

Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in

the United States, including Illinois. This process carries significant legal and business

consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '177

Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in,

from, and into the state of Illinois.

13. On or around February 11, 2025, Defendant reported Plaintiff to Amazon.com to

initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to

terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a

significant portion of Plaintiff's business.

14. Unless a declaratory judgment complaint is filed and a court order granting relief

sought herein, the Amazon marketplace intends to remove Plaintiff's Non-Infringing Products

consisting of at least ASIN: B0BG499JPQ, B0CF9KDYJ5, B0CF9JTJQP, B0B2D8CCD3,

B0C1Z7TM2D, B0CBB1S6K9, B0D2NLMB1L, and B0C2Y3WKQ1 under the pretext that the

ASINs may infringe the '177 Patent.

15. By initiating the Amazon Complaint against Plaintiff, a company with whom

Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew

that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes

unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in

Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois vis-a-vis Plaintiff's goods.

16. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

## FACTUAL BACKGROUND

17. On June 24, 2014, the United States Patent and Trademark Office issued the '177 Patent.

18. Defendant purports to own the right, title, and interest in the '177 Patent by assignment, including the right to license, sell, and enforce the '177 Patent.

19. On or around February 11, 2025, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

20. That same date, in response to Defendant's Amazon Complaint, the Amazon marketplace notified Plaintiff that its Non-Infringing Products would be removed under the pretext that the ASIN-in-question may infringe the '177 Patent if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

5

21.     Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

22.     Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights.  Plaintiff's Non-Infringing Products do not infringe the '177 Patent because none of the Non-Infringing Products possess all the elements and limitations of any claim of the '177 Patent.

## COUNT I DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 8,758,177)

23.     Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

24.     Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '177 Patent.

25.     A declaratory judgment and a court order granting relief sought herein, that Plaintiff's Non-Infringing Products consisting of at least ASIN: B0BG499JPQ, B0CF9KDYJ5, B0CF9JTJQP, B0B2D8CCD3, B0C1Z7TM2D, B0CBB1S6K9, B0D2NLMB1L, B0C2Y3WKQ1, B0CBB3JDYB, B0CBB2HRXB, B0CB9Z5G19, B0C1ZBCPR2, B0C1Z6Y9KQ, B0C1ZCDG8N, B0CQKTZD8N, B0D2NLH9M1, B0D2NMSQTM, B0D2NP9XWZ, B0BYDKKPLN, B0BYDLRHN6, B0C2Y3DDK2, B09C8F9457, B09C8D39L8, B09C8FBHTV, B09C8DY9R5, B0C6Q5P7QZ, B0C6Q3VMJD, B0C6Q68C3W, B0C6Q5JJCQ, B0D69VKWV7, B0D69JT9JV, B0D69MSG76, B0D69Q4QR9, B0D4DLQ8YB, B0D4PTZPFQ, B0D4DFSJGZ, B0D4DFRCDY, B0B2D7RRLX, B0B2D7TWK2, B0B2D9XC7G, B0D2NHZC5T, B0CBPMKFP9, B0D2NHTBKR, B0CBPMWG35, B0D2NFWZF2, B0CBPM8MKG, B0D2NKBKD2, B0CBPM81S4, B0CF9LW4S4, B0CF9KPQKY, B0BJZLY9H5,

B0BCF4KXW5, B09HJMPZQT, B09HJQJNHP, B0DPQ9V7Y2, B0BG4WT56N, B0BG499JPQ, B0BG4895KP, B0BG49QPBC, B0D41HXPC4, B0D41JN7GB, B0D41JC339, B0D41HRBWG, B0CGTF82DR, B0CGTKCMG5, B0CGTF5YXG, B0CGTHR63R, B0CF9C5V3R, B0CF978X4Y, B0CF97KG3Q, B0CF99ZNRR, B09C6DNM3X, B09B33H8Q9, B09B3466QQ, and B09B358BCH do not infringe the '177 Patent.

26.     Plaintiff does not infringe any valid and enforceable claim of the '177 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

27.     Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '177 patent.

28.     By example, without limitation, Plaintiff alone does not perform all the steps recited the claims of the '177 patent as is required for direct infringement.

29.     There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '177 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

30.     Defendant's allegations of infringement of the '177 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '177 PATENT**

31.     Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

32.     Defendant has contended that at least one claim of the '177 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

33.     The claims of the '177 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

34.     The claims of the '177 Patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '177 Patent as well as other prior art not considered by the Patent Office before allowing the claims of the '177 Patent.

35.     There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '177 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     Declaratory judgment that the '177 Patent is not infringed by Plaintiff.

2.     Declaratory judgment that all of claims of the '177 Patent are invalid.

3.     An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

      A.      Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

      B.      Requiring that Defendant provide written notice of the injunction to all enjoined parties.

4.      Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

5.      Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6.      That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: February 19, 2025             Respectfully submitted,

                                */s/Qi Men*
                                Qi Men, Esq.
                                qmen@yklawnj.com
                                New York Bar No. 5519640
                                YK Law LLP
                                333 Sylvan Ave, Suite 107
                                Englewood Cliffs, NJ 07632
                                Phone: 347-341-1273

                                *Attorney for Plaintiff, Xiamen Disdeer Outdoor Sports Co., Ltd.*

9